UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ANTIVONE CASTLE, | Case No. 1:22-cv-00169-HBK (PC) |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1] |
| UNKNOWN DEFENDANT, | |
| Defendant. | FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends the district court dismiss this case without prejudice due to Plaintiff's failure to prosecute this action. Specifically, Plaintiff did not follow or respond to the Court's orders and failed to keep the Court appraised of a current address.

## I.  FACTS AND BACKGROUND

Plaintiff Jerry Antivone Castle, a state prisoner, commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 in the Central District of California on January 31, 2022. (Doc. No. 1). The Central District transferred the case to this Court. (Doc. No. 5). Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis ("IFP").

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

(*See* docket). On February 9, 2022, the Court provided Plaintiff with 21 days to either move to proceed IFP or pay the $402.00 filing fee. (Doc. No. 7). The Court enclosed an application and cautioned Plaintiff that if he did not timely comply with the Court's order, the undersigned would recommend the case be dismissed. (*Id.*). On June 3, 2022, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to pay the filing fee or file an application to proceed IFP. (Doc. No. 8). Plaintiff was provided 14 days to demonstrate why the Court should not recommend this matter's dismissal without prejudice for Plaintiff's failure to prosecute this action and to timely comply with the Court's February 9, 2022 Order. (*Id.* at 2). The Court again warned Plaintiff that his failure to timely respond to the Order to Show Cause would result in a recommendation that this case be dismissed for failure to prosecute. (*Id.*). On June 15, 2022, the Court's June 3, 2022 Order to Show Cause was returned as "undeliverable." Plaintiff's change of address was due no later than August 22, 2022. Local Rule 183(b). Plaintiff has not filed an updated address as required by Local Rule 182(f). (*See* docket).

## II. APPLICABLE LAW

This Court's Local Rules require litigants to keep the court apprised of their current address and permits dismissal when the litigant fails to comply. Specifically:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address."). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to

prosecute and failure to provide court with current address).

Alternatively, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant does not prosecute an action or does not comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.    ANALYSIS

The undersigned considers the above-stated factors and concludes they favor dismissal of this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish*

*v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court has already attempted a less drastic action by issuing an order to show cause providing Plaintiff additional time to file an IFP application or pay the filing fee, but Plaintiff failed to do so and that order was returned as undeliverable.  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

        The Ninth Circuit permits courts to dismiss cases where the plaintiff neither moved to proceed IFP nor paid the filing fee.  *Escobedo*, 787 F.3d at 1228.  A case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  Further, the Court's June 3, 2022 Order to Show Cause was returned as undeliverable.  And contrary to Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and Plaintiff has not updated his mailing address or otherwise contacted the Court.  Thus, it appears Plaintiff has abandoned this action.  After considering the factors set forth *supra* and binding case law, the undersigned recommends

1 | dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rules 110 and 183(b).

2 | Accordingly, it is **ORDERED**:

3 | The Clerk of Court be directed to assign a district judge to this case.

4 | Further, it is **RECOMMENDED**:

5 | This case be dismissed without prejudice for Plaintiff's failure to prosecute this action
6 | and/or comply with the Court's Local Rules and orders.

7 | NOTICE TO PARTIES

8 | These findings and recommendations will be submitted to the United States district judge
9 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)
10 | days after being served with these findings and recommendations, a party may file written
11 | objections with the court. The document should be captioned "Objections to Magistrate Judge's
12 | Findings and Recommendations." Parties are advised that failure to file objections within the
13 | specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
14 | 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: November 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5